# State of Vermont v. Daniel Higgins

[519 A.2d 1164]

No. 85-142

Present: **Allen, C.J., Hill, Peck and Gibson, JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed November 14, 1986

Motion for Reargument Denied December 8, 1986

*Cecilia L. Cunningham* and *Alan C. Abare*, Windham County Deputy State's Attorneys, Brattleboro, for Plaintiff-Appellee.

*Dorsch and Hertz*, Brattleboro, and *Martin and Paolini*, Barre, for Defendant-Appellant.

**Per Curiam.** On April 17, 1984, defendant submitted a plea of nolo contendere to one count of lewd and lascivious conduct with a minor; a judgment of guilty was entered and defendant received a deferred sentence of five years. On February 26 and March 6, 1985, at a probation revocation hearing in the Windham District Court, defendant was found to have violated three conditions of his probation:

8. You shall participate fully in any program to which you may be referred by the Court or your probation officer.

9. You shall live an orderly and industrious life and not engage in threatening, violent, or assaultive behavior.

21. You shall permit your probation officer to confirm with your counselor/therapist that you are participating in such counseling.

The court thereupon sentenced defendant to a term of one-to-three years, three months of which were to be served. Defendant appeals, claiming that the court's findings were clearly erroneous, or, at least, unsupported by the evidence.

Upon review, we find that the evidence supports the trial court's conclusion that defendant violated condition 9 but not its conclusions regarding conditions 8 and 21. Thus, we reverse as to violations of conditions 8 and 21, affirm as to a violation of condition 9, and remand for resentencing.

As to condition 8, the trial court found that defendant's refusal to authorize the release of a psychological evaluation to his probation officer prevented his referral by the probation officer to a sexual offender's treatment program; the court concluded that this refusal constituted a violation of condition 8. The probation officer testified, however, that defendant had never failed or refused to participate in any program to which he was referred; this cooperation satisfied the requirement set forth by condition 8. Evidence received at the hearing also established that the psychological evaluation which defendant refused to release to his probation officer was made fully available to another psychologist, Mr. Petty, who was in charge of referring defendant to a treatment program. For this reason, defendant's refusal to release the evaluation to his probation officer did not hinder his referral to and his participation in a treatment program as required by condition 8.

■ As to condition 21, the evidence does not support finding 4 of the court that defendant's probation officer needed to review defendant's psychological evaluation in order to confirm his participation in mental health counseling. On this basis, the court concluded that defendant's refusal to release the evaluation violated condition 21. In fact, the record shows that defendant's regular mental health counselor is a psychotherapist with whom defendant has had weekly sessions for two years. There is no evidence that the probation officer was denied access to this regular psychotherapist to confirm defendant's participation in the counseling required under condition 21. Thus, the evidence does not support a finding of a violation of condition 21.

■ Condition 9, the third probation condition found by the trial court to have been violated, provides in part that defendant "shall not engage in threatening, violent, or assaultive behavior." The evidence supports the court's conclusion that homosexual contact that defendant had with a seventeen-year-old acquaintance was violent and assaultive. Thus, no error appears as to the court's finding of a violation of condition 9.

On the basis of the trial court's conclusion that defendant violated conditions 8, 9, and 21 of his probation, defendant was sentenced to a term of one-to-three years, with three months to be served immediately and defendant placed on probation for the balance of the sentence. This Court cannot know what sentence might have been imposed by the sentencing judge for a single violation of probation, rather than the three violations found by the trial court. We therefore remand for resentencing.

*Reversed as to the violations of probation conditions 8 and 21, affirmed as to the violation of probation condition 9, and remanded for resentencing.*