# State of Vermont v. Daniel Higgins

[588 A.2d 1062]

Nos. 87-060 and 87-451

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed March 1, 1991

*Dan Davis,* Windham County State's Attorney, Brattleboro, and *Gary Kessler* and *Pamela Hall Johnson,* Department of State's Attorneys, Montpelier, for Plaintiff-Appellee.

*Michael Rose,* St. Albans, for Defendant-Appellant.

**Morse, J.** The sole issue we address in this appeal is whether the trial court misinterpreted our remand in *State v. Higgins,* 147 Vt. 506, 519 A.2d 1164 (1986). We find that our remand was not followed and accordingly reverse and remand.

In 1984, defendant pled nolo contendere to one count of lewd and lascivious conduct with a minor and was given a deferred sentence of five years by Judge Grussing. He subsequently was charged with violating conditions of his probation, was found by Judge Hudson to have violated three of those conditions, and was sentenced to one-to-five years, with three months to serve. He appealed, and this Court struck two of the three probation violations for insufficient evidence. The case was remanded with instructions: "This Court cannot know what sentence might have been imposed by the sentencing judge for a single

violation of probation, rather than the three violations found by the trial court. We therefore remand for resentencing." *Id.* at 508, 519 A.2d at 1166.

On remand, the case was assigned to Judge Grussing, who resentenced defendant to one-to-four years, with one year to serve. Defendant now appeals receiving a greater sentence for his original conviction based on only one probation violation than he previously received based on three, asserting that this result is contrary to our remand.

■ This is not a case where the "original conviction has, at the defendant's behest, been wholly nullified and the slate wiped clean." *North Carolina v. Pearce*, 395 U.S. 711, 721 (1969). Our remand was narrow. We did not remand for a new trial. We remanded solely for a consideration of what the original sentence would have been "by the sentencing judge" given "a single violation of probation, rather than the three violations." Judge Grussing did not limit his consideration to our narrow remand. It is axiomatic that on remand the trial court is constrained to follow "our specific directions as interpreted in light of the opinion." *Coty v. Ramsey Assocs.*, 154 Vt. 168, 171, 573 A.2d 694, 696 (1990). When a case is remanded, our decision is "the law of that case on the points presented throughout all the subsequent proceedings." *Id.* The law-of-the-case doctrine applies in criminal as well as civil proceedings. See, e.g., *State v. Hunt*, 150 Vt. 483, 491, 555 A.2d 369, 374 (1988).

■ By referring to "the sentencing judge," we focused on what sentence Judge Hudson, as "the sentencing judge," would have imposed "for a single violation," not what *a* sentencing judge might impose without consideration of what transpired before the appeal. As it happened, Judge Grussing, who had imposed the original sentence, was also assigned the case on remand, and he clearly viewed defendant's violation as a more serious breach than Judge Hudson did. Had our mandate been less restrictive, the scope of Judge Grussing's discretion could have been different. Our mandate, however, contemplated a sentence on remand that would not exceed the one that had been imposed prior to the appeal. Consequently, it was error for Judge Grussing to sentence defendant to more than three months to serve.

*Reversed and remanded.*