**STATE of Vermont v. David L. GOMES**

[690 A.2d 351]

No. 96-123

August 6, 1996. The State of Vermont moves for reinstatement of defendant's convictions for lewd and lascivious conduct with a child, 13 V.S.A. § 2602, which this Court previously reversed and remanded. *State v. Gomes*, 162 Vt. 319, 331, 648 A.2d 396, 405 (1994) (*Gomes* I). The State's motion arises from the district court's ruling that it was unable to comply with our mandate on remand that it determine whether defendant's rights at trial had been prejudiced because he was denied access to certain records the district court had determined were protected under the Fifth Amendment privilege against self-incrimination. Because we now conclude that the records defendant sought were not subject to the required-records exception to the Fifth Amendment privilege against self-incrimination, we remand to the district court with an instruction to reinstate defendant's convictions.

The district court has certified the following question to us, which establishes the relevant factual background:

On August 5, 1989, the defendant was convicted of four counts of Lewd & Lascivious Conduct with a Child. The convictions were for conduct at a day care center sometime during the summer of 1985 through the summer of 1986. Prior to trial, the defendant sought the day care center's attendance records in hopes of developing exculpatory evidence to support his alibi defense and material to impeach the credibility of witnesses. The trial court ruled the records were protected by the privilege against self-incrimination and denied the defendant access to them. On appeal, the Supreme Court held that the trial court's ruling was erroneous. The Supreme Court reversed the convictions and remanded with instructions to the trial court to examine the day care attendance records. The records cannot be produced or recreated.

On remand upon the defendant's motion the trial court

judge recused himself from the case. Under these circumstances, and based upon the record including all evidence developed since remand, is the defendant entitled to a new trial?

In *Gomes* I, we held that the day-care attendance records fell within the "required records" exception to the Fifth Amendment privilege. *Id.* at 328, 648 A.2d at 403. We based our holding on a state regulation requiring day-care operators to maintain daily attendance records and make them available for state inspection. See *id.* at 323, 648 A.2d at 400 (referencing Agency of Human Services, Department of Social and Rehabilitation Services (SRS), Children's Day Care Licensing Regulations for Early Childhood Program § 3(5), (7), *in* 4 Code of Vermont Rules 13 162 001-49 (1993)). We were, however, "unable to determine whether defendant was actually prejudiced" by the denial of access to the records. *Id.* at 328, 648 A.2d at 403. Consequently, we remanded the cause to the district court with an instruction to determine whether defendant had been prejudiced by denial of access to the day-care attendance records. *Id.* at 331, 648 A.2d at 405. If the district court concluded that no prejudice had resulted, it could reinstate the conviction and sentence; otherwise, defendant required a new trial. *Id.*

On remand, the district court discovered for the first time that the day-care operators had not been required by SRS regulation to maintain daily attendance records during 1985 and 1986, and that no such records had in fact been maintained. The parties now acknowledge that the SRS regulation upon which this Court relied for its "required records" analysis was not in effect until 1993.

As we noted in *Gomes* I, the so-called "required records" exception to a claim of privilege against self-incrimination applies when the following criteria are met:

(1) the purpose of the recordkeeping is essentially regulatory rather than criminal; (2) the records contain the type of information that the regulated party would ordinarily keep; and (3) the records have assumed "public aspects" that render them at least analogous to public documents.

*Id.* at 325, 648 A.2d at 401. The first criterion is met when the "regulations which require the[] maintenance [of records] are regulatory in nature." *In re Underhill*, 781 F.2d 64, 67 (6th Cir. 1986). The second criterion is met when a regulation "requires the maintenance of records which [a regulated party] would ordinarily keep." *Id.* at 68. The third criterion is "met in most cases in which a statute or regulation subjects the records to inspection by a federal or state agency." *Gomes*, 162 Vt. at 325, 648 A.2d at 401. In *Gomes* I, the State conceded the first and second criteria, but contested application of the third criterion. We determined that the third criterion did apply because the 1993 SRS regulation, which was assumed to have been in effect at all relevant times, provided for SRS inspection of day-care attendance records. *Id.* at 325-26, 648 A.2d at 401-02.

It is now apparent, with respect to the 1993 SRS regulation, that none of the three "required records" criteria applies to the records at issue here, because, at the time of the instant offenses, SRS imposed no regulatory recordkeeping or record-inspection requirement on day-care operators. Our conclusion in *Gomes* I that the operators' self-incrimination privilege was subject to the "required-records" exception was thus based on an error of fact concerning the applicability of the 1993 SRS regulation.

We have observed that "on remand the trial court is constrained to follow 'our specific directions as interpreted in light of the opinion.'" *State v. Higgins*, 156 Vt.

192, 193, 588 A.2d 1062, 1062 (1991) (quoting *Coty v. Ramsey Assocs.*, 154 Vt. 168, 171, 573 A.2d 694, 696 (1990)). When a case is remanded, our decision is the law of the case on the points presented throughout all the subsequent proceedings. *Id.* at 193, 588 A.2d at 1063. Nevertheless, departure from the law-of-the-case doctrine is warranted "in exceptional circumstances such as where there has been . . . a substantial change in the facts or evidence giving rise to the dispute in the matter, or where the prior holding was clearly erroneous and would create a manifest injustice if followed." *Commonwealth v. Starr*, 664 A.2d 1326, 1332 (Pa. 1995). In the instant matter, the substantial change in the evidence on remand constitutes such exceptional circumstances that neither the district court nor this Court is bound by our earlier disposition.

From the evidence adduced by the district court on remand, we conclude that the required-records exception is inapplicable to the records sought by defendant, and that the district court properly ruled that production of any day-care records falls within the day-care operators' privilege against self-incrimination. It is a well-settled proposition that a defendant's constitutional rights at trial must yield when they conflict with a valid exercise of the Fifth Amendment privilege against self-incrimination. *Holbert v. United States*, 513 A.2d 825, 827 (D.C. 1986). Accordingly, the court did not err by denying him access to the privileged records, and the jury verdict must stand.

Defendant contends, however, that the evidence on remand also demonstrated that the day-care operators were subject to a separate regulatory recordkeeping requirement, and that the analysis we earlier applied to the supposed SRS recordkeeping requirement applies in equal measure to the alternate recordkeeping requirement. We disagree. On remand, the district court considered evidence that, commencing in October 1985, the operators registered the day-care facility in a federal meal-subsidy program administered by the Central Vermont Community Action Council (CVCAC), and thereby became subject to CVCAC's daily meal-reporting requirement. The evidence also showed, however, that any meals records the day-care operators may have filed had been routinely destroyed by CVCAC pursuant to a three-year record-retention policy.

CVCAC requires recordkeeping by participants in its meals-subsidy program under the authority of 7 C.F.R. § 226.18.[1] The federal regulation requires participants to "maintain daily records of *the number of children in attendance* and *the number of meals*, by type, served to enrolled children." *Id.* § 226.18(e) (emphasis added). The federal regulation does not, however, require program participants to keep daily attendance records for each child showing the child's name or the hours the child was actually present at the day-care facility.[2] The recordkeeping requirements of 7 C.F.R.

_____

[1] Although it is unclear whether 7 C.F.R. § 226.18 was in effect at the time of the offenses at issue here, the parties have stipulated that the regulation was in effect at all relevant times, and we assume so for the purposes of the instant appeal.

[2] At the remand hearing, defendant offered an exemplar of CVCAC's "Day Care Home Daily Count Sheet" to support his contention that the missing records would contain the information he seeks. Although the sample sheet shows fictional children's names and attendance schedules, the CVCAC form does not require entry of such information, but rather requires entry only of the numbers and types of meals served each day for each child. As we noted *supra*, the prerequisite to application of the "required records" exception is that there is a statute or regulation that requires maintenance of the information. *In re Underhill*, 781 F.2d 64, 67 (6th Cir. 1986). CVCAC's

§ 226.18 are not sufficiently similar to the recordkeeping requirement under the 1993 SRS regulation as to allow substitution of one regulatory scheme for the other for the purposes of our analysis in *Gomes* I.

*The question certified is answered in the negative; the State's motion for reinstatement is granted; cause remanded to the district court with instructions to reinstate the orders of conviction and imposition of sentence.*

Amended November 18, 1996.

---

suggested method for completing its form, without more, is insufficient to bring the records within the exception.