VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.    24-AP-406



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

NOVEMBER TERM,   2025

Richard LaRoche\* v. Darla Sterett (LaRoche)

}
}
}
}
}
}

APPEALED FROM:

Superior Court, Windsor Unit,
Family Division
CASE NO. 317-9-14 Wrdm
Trial Judge: John Treadwell

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals a trial court order assessing the amount of the spousal-maintenance arrearage he owed to defendant, his ex-wife.  We affirm.

The parties divorced in 2015 after a thirty-five-year marriage.  The final divorce order, which was based on the parties' stipulation, required plaintiff to make monthly spousal-maintenance payments of $4866.67 to defendant.  This amount was to be adjusted yearly based on inflation, and the maintenance obligation was to continue until December 2027, defendant's retirement, or the death of either party, whichever occurred first.  The parties agreed that the maintenance award was permanent and entirely compensatory in nature.

In March 2022, plaintiff moved to modify the maintenance award.  He alleged that there had been a change in circumstances because he lost his job in 2020, had been unable to secure regular employment since that time, and could no longer afford to make the monthly maintenance payments.  Defendant opposed the motion and moved to enforce the award and hold plaintiff in contempt.

The trial court held an evidentiary hearing in July 2022.  In its subsequent written decision, it concluded that the termination of plaintiff's employment and resulting reduction in his income constituted a real, substantial, and unanticipated change of circumstances under 15 V.S.A. § 758.  It further found that plaintiff was unable to use the knowledge and skills he developed during the parties' marriage and was therefore no longer reaping the benefits of defendant's contributions to the marriage such that downward modification of the entirely compensatory maintenance award was appropriate.  On this basis, the court reduced plaintiff's ongoing monthly obligation to zero.  It granted defendant's motion to enforce only with respect to the outstanding payments that predated plaintiff's motion to modify and declined to hold him in contempt.

Defendant appealed to this Court. She argued that the trial court erred in finding that plaintiff's employment at the time of the modification hearing—a contract to resell computational fluid-dynamics software—was entirely unrelated to his prior work experience, and therefore in relying on that finding to reduce plaintiff's compensatory maintenance obligation to zero.

We agreed and reversed. LaRoche v. Sterett, No. 23-AP-002, 2023 WL 5993195, at *1 (Vt. Sept. 15, 2023) (unpub. mem.), https://www.vermontjudiciary.org/sites/default/files/documents/eo23-002.pdf [LaRoche I]. In doing so, we explained that because "the compensatory component of a permanent maintenance award is intended to reimburse the recipient spouse for diminished earning capacity and career prospects resulting from that spouse's nonmonetary contributions to the home and family," an obligor spouse seeking downward modification of such an award " 'must make a showing that he or she is no longer able to benefit from the recipient spouse's contributions because of a change in circumstances.' " Id. at *2-3 (quoting Weaver v. Weaver, 2017 VT 58, ¶ 26, 205 Vt. 66). We concluded that the trial court's finding that plaintiff's current position in sales did not utilize the knowledge or skills he developed during the parties' marriage was clearly erroneous because the evidence demonstrated that plaintiff was using experience, technical knowledge, and contacts he developed during the marriage in his new role. Id. at *3. Because plaintiff thus "retained the benefit of his part of the marital bargain—that is, 'increased earning potential in part related to [defendant's] contributions for which she is receiving a compensatory component of permanent maintenance,' " he remained obliged to pay compensatory maintenance. Id. (quoting Weaver, 2017 VT 58, ¶ 29). We therefore remanded with instructions for the trial court to calculate any arrearage owed by plaintiff. Id.

On remand, defendant moved the trial court to calculate plaintiff's maintenance arrearage and order him to pay her that amount. Plaintiff requested that the court find there was no arrearage after taking into account his current income and employment. The trial court held an evidentiary hearing in May 2024.

In December 2024, the court issued a written decision explaining that any request to modify the 2015 maintenance order was not properly before it—rather, the only issue was calculation of the arrearage under the existing order and the issuance of an order to pay that amount. Since the award was entirely compensatory and plaintiff continued to benefit from defendant's contributions to the marriage, the court observed, plaintiff's maintenance obligation continued to accrue regardless of his ability to pay. The court assessed the arrearage amount at $183,295.26 and directed plaintiff to pay within sixty days.

Plaintiff appeals, arguing that the family division erred in calculating the arrearage without first determining his current income and ability to pay and considering whether he continued to benefit from skills or experience obtained during the marriage.

"When a case is remanded, our decision is 'the law of that case on the points presented throughout all the subsequent proceedings.' " State v. Higgins, 156 Vt. 192, 193 (1991) (quoting Coty v. Ramsey Assocs., 154 Vt. 168, 171 (1990)). "It is axiomatic that on remand the trial court is constrained to follow 'our specific directions as interpreted in light of the opinion.' " Id. (quoting Coty, 154 Vt. at 171). It is "bound by the scope of our remand instructions, and may only reopen issues that are within that scope." In re N.E. Materials Grp. LLC Act 250 JO #5-21, 2016 VT 87, ¶ 7, 202 Vt. 588.

Plaintiff's challenges to the trial court's arrearage order fail because each is premised on a fundamental mischaracterization of our decision and remand order in LaRoche I.

In the prior appeal, we reversed the trial court's original finding that plaintiff was no longer able to benefit from skills and experience he obtained during his marriage to defendant as clearly erroneous. LaRoche I, 2023 WL 5993195, at *3. In doing so, we stated that the evidence demonstrated that plaintiff "retained the benefit of his part of the marital bargain." Id. at *4. The trial court did not err in rebuffing plaintiff's efforts to relitigate this issue on remand because, in that posture, "[i]t is error for the lower court to pursue and rely on findings or reasoning that this Court has already struck down." N.E. Materials Grp., 2016 VT 87, ¶ 7; Whippie v. O'Connor, 2011 VT 97, ¶ 7, 190 Vt. 600 (mem.) (explaining that under law-of-the-case doctrine, "questions necessarily involved and already decided" in earlier appeal from same action "will not be revisited in this second appeal").

Moreover, our remand order was clear that plaintiff's ability to pay was in no way relevant to the arrearage calculation. As we explained in directing the trial court to calculate the arrearage on remand, where " 'the potential benefit to the obligor remains, but the obligor has lost his or her current ability to pay the compensatory portion of the award, that portion of the maintenance debt accrues.' " LaRoche I, 2023 WL 5993195, at *4 (quoting Weaver, 2017 VT 58, ¶ 27). Thus, in calculating the arrearage without regard to plaintiff's current circumstances or ability to pay, the trial court appropriately "follow[ed] the specific instructions given by this Court, interpreted in the light of the opinion." N.E. Materials Grp., 2016 VT 87, ¶ 7. There was no error.

Affirmed.

BY THE COURT:

 

Harold E. Eaton, Jr., Associate Justice

 

William D. Cohen, Associate Justice

 

Nancy J. Waples, Associate Justice